**DATAPATH, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 09–188.**

United States Court of Federal Claims.

March 30, 2009.

Steven Reed, Smith, Currie, & Hancock LLP, Washington, D.C., for Plaintiff.

Kent Kiffner, United States Department of Justice, Washington, D.C., for Defendant. Captain Lisa Satterfield, United States Army, Judge Advocate, Arlington, Virginia, Counsel.

## MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

On Friday, March 27, 2009, Plaintiff, Datapath, Inc., filed a Complaint And Petition For Injunctive Relief to protest the March 23, 2009 issuance of United States Army Contracting Command ("USACC") Solicitation No. W91QUZ–09–R–0008 for 970 satellite communication terminals and the imminent award of a contract thereto. *See* Pl. Comp. ¶ 1. On Monday March 30, 2009, Plaintiff filed a Memorandum In Support. At 1:00 p.m. EST on March 30, 2009, the court convened a telephone conference with the parties. At that hearing, Government's counsel informed the court that the USACC planned to award a contract, pursuant to the above referenced Solicitation, on Tuesday, March 31, 2009 at 12:00 p.m. EST.

The March 27, 2009 Complaint objects to the March 23, 2009 Solicitation, as violating 10 U.S.C. § 2304(a) and the Federal Acquisition Regulation. *See* Pl. Comp. ¶ 35. Accordingly, a sufficient basis has been alleged for the court to exercise jurisdiction, pursuant to 28 U.S.C. § 1491(b)(1). *See* Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, §§ 12(a), (b), 110 Stat. 3870 (Jan. 3, 1996), codified at 28 U.S.C. § 1491(b); *see also Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1350 (Fed.Cir.2004) ("The [United States] Court of Federal Claims has jurisdiction to review … pre-award … bid protest[ ] pursuant to 28 U.S.C. § 1491(b)[.]").

The court weighs four factors when deciding to issue temporary injunctive relief: (1) Plaintiff's likelihood of success on the merits; (2) whether Plaintiff will suffer irreparable injury; (3) whether the balance of harms favors the Plaintiff; and (4) whether the relief requested is in the public interest. *See Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed.Cir.1983); *see also Alion Sci. and Tech. Corp. v. United States*, 74 Fed.Cl. 372, 374 (2006). The decision on whether or not to grant injunctive relief is committed to the discretion of the trial court. *See FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed.Cir.1993) ("As a basic proposition, the matter lies largely within the sound discretion of the [trial court]."); *see also Labatt Food Service, Inc. v. United States*, 84 Fed. Cl. 50, 64 (2008) (same).

The relevant JUSTIFICATION AND APPROVAL FOR OTHER THAN FULL AND OPEN COMPETITION JUSTIFICATION ("JUSTIFICATION") is undated, the author(s) are not designated, and information is redacted. This document, however, states that the USACC has procured over 3,300 of the units at issue since 2007 and, as of August 2008, was engaged in competitive procurement. *See* JUSTIFICATION at 2. As of December 31, 2008, the USACC was aware of the need to procure an additional 970 units. *Id.* at 3. Nevertheless, the USACC waited until March 23, 2009 to issue a "name brand" Solicitation, with knowledge that the required units "would be depleted in

March 2009." *Id.* Moreover, the USACC apparently, in the last four months, has determined that the costs of utilizing an alternate vendor "are *so* substantial that they are not expected to be recovered or substantiated through a competitive procurement." *Id.* (emphasis added). This recent revelation requires further inquiry. *See e.g.,* Pl. Memo. In Support at 11–16.

The Government has informed the court that the Administrative Record will not be filed with the court until at least April 8 or 9, 2009. Nevertheless, the USACC intends to award the contract by noon tomorrow, *i.e.,* March 31, 2009. Plaintiff is entitled to the basic due process rights to review the Administrative Record, file briefing, and appear before the court to argue the merits of a pre-award bid protest and entitlement to injunctive relief. More importantly, the court requires a reasonable time to consider all relevant factors, including the public's interest in full and fair competition.

Accordingly, the USACC is hereby enjoined from awarding any contract in response to Solicitation No. W91QUZ–09–R–0008 until June 1, 2009, to afford the court the ability to review the Administrative Record, consider briefing by all parties, hear argument, and allow sufficient time to issue a reasoned Memorandum Opinion and Final Order on the request for a permanent injunction. *See* President Barack H. Obama, Memorandum for the Heads of Executive Departments and Agencies, Subject: Government Contracting (March 4, 2009) ("The Federal Government has an overriding obligation to American Taxpayers. It should perform its function efficiently and effectively while ensuring that its actions result in the best value for taxpayers . . . Excessive reliance by executive agencies on sole-source contracts (or contracts with a limited number of sources) . . . creates a risk that taxpayer funds will be spent on contracts that are wasteful, inefficient, subject to misuse, or otherwise not well designed to serve the needs of the Federal Government or the interests of the American taxpayer.").

The procurement at issue appears to be no less than $51 million, and the USACC has estimated that "the introduction of different terminals is expected to increase costs by approximately $27 million[.]" *See* JUSTIFICATION at 8. Therefore, pursuant to RCFC 65(c), Plaintiff shall submit to the Clerk of the Court a bond in the amount of $2.7 million. The bond shall be issued by a surety authorized by the United States Department of the Treasury. Information may be obtained by contacting the Chief Deputy Clerk of the Court at 202/357–6418 or 202/357–6406.

**IT IS SO ORDERED.**